IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER E. BROWN, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 14-1712 |
| vs. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| ) | Re: ECF No. 16 |
| MARIA ASSOCIATES ) | |
| Defendant. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Presently before the Court is the Motion to Dismiss First Amended Complaint filed by Defendant Maria Associates. ECF No. 16. For the reasons that follow, the Motion is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Christopher E. Brown ("Plaintiff") is a resident of Bayside, New York. ECF No. 15 ¶ 3. He suffers from "Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip, and manipulate objects." Id. ¶ 4. Despite his condition, Plaintiff "enjoys traveling outside of New York to watch sporting events, among other things." Id. ¶ 11.

In November of 2014, Plaintiff visited Pittsburgh, Pennsylvania to attend a hockey game between the Pittsburgh Penguins ("Penguins") and New York Rangers ("Rangers"). Id. While in Pittsburgh, he stayed at the Hyatt Place hotel ("the Hyatt") located at 6011 Campbells Run Road, Pittsburgh, Pennsylvania 15205. Id. ¶ 12. On two separate occasions during this stay at

the Hyatt, Plaintiff travelled to a large shopping plaza known as the Robinson Crossroads ("the Property"), which is located at 6581 Steubenville Pike, Pittsburgh, Pennsylvania 15205, in the same complex as the Hyatt. Id. ¶¶ 6, 9-10, 12. From the Hyatt, Plaintiff was able to reach the Property in five minutes using his wheelchair on one occasion and in two minutes by car on the other. Id. ¶ 12. The Property is owned, leased, and/or operated by Defendant Maria Associates. Id. ¶ 6.

During Plaintiff's November 2014 visits to the Property, he "encountered serious difficulty accessing the goods and utilizing the services therein" due to certain "architectural barriers." Id. ¶ 15. There were "excessive slopes and rough pavement" which caused designated disabled-use parking spaces throughout the Property and the pedestrian routes from them to the main entrances of stores to be "inaccessible." Id. ¶ 18. The Property's curb ramps were also "inaccessible . . . due to excessive slopes, steep side flares, and lack of smooth transitions." Id. Specifically, dangerously steep curb ramps protruded into the disabled use parking spaces and associated access aisles near the DiBella's Subs located on the Property. Id. Plaintiff either had to avoid these conditions or "exercise extreme caution" to avoid accidental falls. Id. The architectural barriers present on the Property have yet to be remedied. Id. ¶ 21.

Although Plaintiff lives in New York, he intends to return to Pittsburgh "at least once a year to watch other sporting events, to visit tourist sites around town and to browse the stores and shops located there." Id. ¶ 11. He specifically booked a flight to return in mid-August 2015 to attend a Pittsburgh Pirates ("Pirates") baseball game. Id. ¶ 13. He also plans to take advantage of an offer to purchase a "deep discount" ticket for the 2015-2016 hockey season, which was extended to him by Penguins customer service during his November 2014 visit. Id. ¶ 14.

2

Plaintiff plans to use this ticket to attend one of the Rangers versus Penguins games in Pittsburgh scheduled for this season. Id. On each of these future visits, he intends to stay at the Hyatt and will visit the Property "because it is very convenient to the Hyatt [] and because he likes the stores and restaurants located thereat." Id. ¶¶ 13-14.

On December 18, 2014, Plaintiff filed a Complaint, seeking declaratory and injunctive relief for Maria Associates' alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181-12189. ECF No. 1. After the parties jointly consented to the adjudication of this matter by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), ECF No. 9, Plaintiff was granted leave to file a First Amended Complaint, ECF Nos. 10, 13, which he then filed on April 24, 2015, ECF No. 15. Maria Associates filed a Motion to Dismiss First Amended Complaint along with a supporting brief on May 8, 2015.[1] ECF Nos. 16-17. Plaintiff filed a Brief in Opposition on June 11, 2015. ECF No. 21. The motion is now fully briefed and ripe for consideration.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter of the litigation or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elec., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, as has been presented here, the defendant contests the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject-matter jurisdiction. As such, the standard relative to a Rule 12(b)(6) motion applies, and mandates that

---

[1] Maria Associates first filed a Motion to Dismiss on March 23, 2015. ECF No. 6. However, this motion was rendered moot by the filing of the First Amended Complaint. ECF No. 13.

the court treat the complaint's well-pleaded jurisdictional facts as true and view them in the light most favorable to the plaintiff. Stovic v. U.S. R.R. Ret. Bd., 2013 WL 4829225, at *2 (W.D. Pa. Sept. 10, 2013) (citing NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001)). Dismissal pursuant to a facial attack "is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991)) (internal quotes omitted). Further, once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see Sixth Angel Shepherd Rescue Inc. v. West, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011), aff'd, 477 F. App'x 903 (3d Cir. 2012).

## III. DISCUSSION

Maria Associates argues that the First Amended Complaint should be dismissed because Plaintiff has failed to establish that he has standing to pursue his claims. ECF No. 17 at 5-10. Alternatively, Maria Associates asserts that Plaintiff's allegations are too vague to put it on notice of the claims against it. Id. at 10-11. Each of these arguments will be considered.

### A. Standing

"Before addressing the 'merits' of [Plaintiff's] claim, we must determine whether []he has constitutional standing to sue." Green v. Joy Cone Co., 107 F. App'x 278, 279 (3d Cir. 2004). "Standing is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997).

> Three requirements must be met to establish constitutional standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). First, the plaintiff must demonstrate an "injury-in-fact." See Danvers Motor Co. v. Ford Motor Co., 432 F.3d 286, 290-291 (3d Cir. 2005) (citing Lujan, 504 U.S. at 560-61). The injury must be concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical. Id. Second, the plaintiff must demonstrate "a causal connection between the injury and the conduct complained of." Id. Last, the plaintiff must show that it is likely, not merely speculative, that his or her injury will be redressed by a favorable decision. Id.; see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 399 F.3d 248, 254-55 (3d Cir. 2005); Lloyd v. Hovensa, LLC, 369 F.3d 263, 272 (3d Cir. 2004).

Doe v. Nat'l Bd. of Med. Examiners, 210 F. App'x 157, 159 (3d Cir. 2006).

> An injury is "concrete" if it is real, or distinct and palpable, as opposed to merely abstract, and is sufficiently particularized if "'it affect[s] the plaintiff in a personal and individual way.'" New Jersey Physicians, Inc. v. President of the United States, 653 F.3d 234, 238 (3d Cir. 2011) (citing City of L.A. v. Lyons, 461 U.S. 95, 102 (1983)) (citing and quoting Lujan, 504 U.S. at 560 n.1). A harm is "actual or imminent" rather than "conjectural or hypothetical" where it is presently or actually occurring, or is sufficiently imminent. The determination of what is imminent is somewhat elastic, but it is fair to say that plaintiffs relying on claims of imminent harm must demonstrate that they face a realistic danger of sustaining a direct injury from the conduct of which they complain. Id. (citing Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014). As these "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561.

Beyond these constitutional requirements, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." Blunt, 767 F.3d at 279. These prudential principles "'serve to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those best suited

5

to assert a particular claim.'" Freeman v. Corzine, 629 F.3d 146, 154 (3d Cir. 2010) (quoting Joint Stock Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 179 (3d Cir. 2001)). This so-called "prudential standing"

> "requires that (1) a litigant assert his or her own legal interests rather than those of third parties, (2) courts refrain from adjudicating abstract questions of wide public significance which amount to generalized grievances, and (3) a litigant demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute, rule, or constitutional provision on which the claim is based."

Freeman, 629 F.3d at 154 (3d Cir. 2010) (quoting Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery Cnty., 271 F.3d 140, 145 (3d Cir. 2001)) (internal alterations omitted).

Maria Associates bases its jurisdictional challenge solely on the assertion that Plaintiff has failed to establish the injury in fact element of constitutional standing. ECF No. 17 at 5-10. For the purposes of resolving the instant motion, therefore, Plaintiff's satisfaction of the remaining elements of constitutional standing and the establishment of prudential standing will be assumed. Given the stage of these proceedings, Plaintiff has also pled sufficient facts to establish an injury in fact.

"Under Title III of the ADA[ ("Title III")], private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." Anderson v. Macy's, Inc., 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013) (citing Reviello v. Phila. Fed. Credit Union, No. 12–508, 2012 WL 2196320, at *4 (E.D. Pa. June 14, 2012)). "When . . . prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct" to establish an injury in fact. McNair v. Synapse Grp. Inc., 672 F.3d 213, 223 (3d Cir. 2012) (quoting Lyons, 461 U.S. at 105). As the threatened future injury must be imminent, "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding

injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" Id. at 223 (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)) (alterations in original). In the specific context of claims under Title III, the facts must indicate that the plaintiff "is likely to return to the place of the alleged ADA violation" to sufficiently establish an injury in fact. Reviello, 2012 WL 2196320, at *4.

Courts have employed a variety of tests to determine plaintiffs' likelihood of returning to the place of an alleged ADA violation. A number of courts, including this one, have applied a "four-factor test," which considers: "'(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.'" Anderson, 943 F. Supp. 2d at 539 (quoting Harty v. Burlington Coat Factory of Pennsylvania, L.L.C., No. 11-01923, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011)); see also Reviello, 2012 WL 2196320, at *4. This test "'is one of totality, and a finding in favor of the plaintiff does not require alignment of all four factors.'" Anderson, 943 F. Supp. 2d at 539 (quoting Harty, 2011 WL 2415169, at *7). Despite its application in this and other District Courts in the Third Circuit, this test has yet to be adopted by the United States Court of Appeals for the Third Circuit.[2] See Heinzl v. Boston Mkt. Corp., No. 14-997, 2014 WL 5803144, at *4 (W.D. Pa. Nov. 7, 2014). Additionally, the United States Court of Appeals for the Fourth Circuit has noted that the four-factor test may "overly and unnecessarily complicate[] the issue at hand" in some cases, Daniels v. Arcade, L.P., 477 F. App'x 125, 129 (4th Cir. 2012), particularly "[a]t the pleading stage, [when] it is not in the

---

[2] The United States Court of Appeals for the Third Circuit has yet to consider the issue of standing in the specific context of a Title III action. Heinzl v. Boston Mkt. Corp., No. 14-997, 2014 WL 5803144, at *4 n.2 (W.D. Pa. Nov. 7, 2014).

7

province of the judge to decide the credibility of the plaintiff's stated intent to return," Reviello, 2012 WL 2196320, at *5.

Courts not specifically adopting the four-factor test have applied either the somewhat similar "intent to return test" or the "deterrent effect test." Heinzl, 2014 WL 5803144, at *5-6. The intent to return test's three considerations are whether: "(1) the plaintiff alleges past injury under the ADA (encountering some kind of barrier); (2) it is reasonable to infer from the complaint that the discriminatory treatment will continue; and (3) it is reasonable to infer from the complaint that, based on the plaintiff's past frequency of visits and the proximity of the defendant's place of business to the plaintiff's home, the plaintiff intends to return to this location in the future." Id. at *5 (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)). By comparison, a plaintiff has suffered an injury in fact under the deterrent effect test "if he is deterred from visiting a non-compliant public accommodation because he has encountered barriers to his disability there." Id. (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011)). Even under this test, the plaintiff's asserted "intent to return to the particular place or places where the violations are alleged to be occurring" is an essential element. Id. at *6 (citing Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074-75 (7th Cir. 2013)).

Maria Associates argues extensively that the four-factor test should be applied and that Plaintiff has failed to satisfy any of its elements. ECF No. 17 at 5-10. Considering the stage of these proceedings, this argument fails. The overarching purpose of the four-factor test is "to determine the likelihood of the plaintiff returning to the place of the alleged ADA violation." Anderson, 943 F. Supp. 2d at 539. Here, Plaintiff alleged his specific intent to return to the Property while staying in Pittsburgh during August of 2015 to attend a Pirates game and

8

sometime during the 2015-16 hockey season for a Rangers versus Penguins game.[3] ECF No. 15 ¶¶ 13-14. These well-pleaded facts must be accepted as true at the pleadings stage. Stovic, 2013 WL 4829225, at *2. As such, the facts that Plaintiff does not live in the same state as the Property, that he has only been there on two occasions in the past, and that he only intends to visit the Property once per year are insufficient to undermine his specifically stated intent to return. See Anderson, 943 F. Supp. 2d at 539 ("a finding in favor of the plaintiff does not require alignment of all four factors"). There is no need to determine the *likelihood* that Plaintiff will return to the Property, because his assertions that he will return must be credited. See Reviello, 2012 WL 2196320, at *5 ("At the pleading stage, it is not in the province of the judge to decide the credibility of the plaintiff's stated intent to return.").

Having pleaded sufficient facts to establish that he intends to return to a place of public accommodation where he was previously prevented from enjoying the facilities equally due to disability-based barriers which continue to exist, Plaintiff has established standing to bring a Title III claim.[4] The Motion to Dismiss will be denied without prejudice to the right to renew arguments concerning standing by motion for summary judgment.[5]

---

[3] This Court offers no opinion as to whether Plaintiff's current allegations concerning his intent to return to the Property while attending a Penguins hockey game sometime during the 2015-16 season will be sufficient to maintain standing at the summary judgment phase as his intended trip to attend a Pirates game in August 2015 is no longer in the future.

[4] Although not raised here, this determination would be the same under either the intent to return or deterrent effect tests.

[5] This disposition obviates the need to consider Plaintiff's arguments that the four-factor test violates the Commerce Clause and the fundamental right to interstate travel and is inconsistent with the express language of the ADA. ECF No. 21 at 17-21.

B.  **Specificity of Allegations**

Having determined that Plaintiff has established standing to sue, the sufficiency of his allegations must now be considered. Title III dictates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (1990). To state a *prima facie* case under Title III, "a plaintiff must show '(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor, or operator.'" Anderson, 943 F. Supp. 2d at 542-43 (quoting Harty, 2011 WL 2415169, at *9). In a single paragraph unsupported by legal citation, Maria Associates argues that Plaintiff has pled inadequate "detail as to the precise areas of the Property that are allegedly deficient," and as a result, the First Amended Complaint's allegations "are insufficient to put [Maria Associates] on notice of the claims against it." ECF No. 17 at 10. This argument is without merit.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Of course, "all civil complaints must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To satisfy Rule 8, however, a complaint need only contain sufficient "factual

allegations [to] suggest that the plaintiff has a plausible—as opposed to merely conceivable—claim for relief." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This "notice pleading standard . . . applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law. Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006). No such law requires a heightened pleading standard in Title III actions.

Under the notice pleading standard, Plaintiff has pled sufficient detail concerning "the precise areas of the Property that are allegedly deficient" to survive the pending Motion to Dismiss. ECF No. 17 at 10. With respect to "architectural barriers . . . which hindered his access to the Property," Plaintiff alleges that "throughout the Property" he encountered: (1) "inaccessible parking designated for disabled use . . . due to excessive slopes and pavement in disrepair within the parking spaces and their access aisles"; (2) "inaccessible curb ramps . . . due to excessive slopes, steep side flares and lack of smooth transitions"; and (3)"inaccessible routes along the pedestrian way between parking designated for disabled use and the main entrances to the stores . . . due to excessive slopes and rough pavement." ECF No. 15 ¶ 18.

Despite the argument that allegations of barriers "throughout the Property" are impermissibly vague, ECF No. 17 at 2 n.2, they contain "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." W. Penn Allegheny Health Sys., Inc., 627 F.3d at 98 (internal citations omitted). While the First Amended Complaint lacks details as to which specific disabled use parking spaces, curb ramps, and pedestrian routes are at issue in these particular allegations, they are asserted to be somewhere on the Property. ECF No. 15 ¶ 18. Further, Plaintiff separately avers that he "was completely prevented from utilizing the disabled use parking spaces near DiBella's Subs due to curb ramps

11

protruding into the disabled use parking spaces there." ECF No. 15 ¶ 18. Even Maria Associates concedes that this barrier is "specifically identified in the First Amended Complaint." ECF No 17 at 2 n.2. Considering these allegations together, the First Amended Complaint contains sufficient facts regarding allegedly deficient areas of the Property to provide Maria Associates with fair notice of the claims against it and the grounds upon which they rest. At the pleading stage, this is all that is required. In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).

**IV.    CONCLUSION**

For the reasons set forth above, the following Order is entered:

AND NOW, this 6th day of October, 2015, IT IS HEREBY ORDERED that the Motion to Dismiss First Amended Complaint filed by Defendant Maria Associates, ECF No. 16, is DENIED without prejudice to the right to renew arguments concerning standing by motion for summary judgment.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    All Counsel of Record Via CM-ECF